1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

11
12  DIRECTV, a Delaware corporation,    )  Case No. 2-14-cv-08673-AB-MAN
    )
13         Plaintiff,    )
    )
14    vs.    )  **PROTECTIVE ORDER ENTERED**
    )  **PURSUANT TO THE STIPULATION**
15  FACTORY MUTUAL INSURANCE    )  **OF THE PARTIES**
COMPANY, a Rhode Island corporation,    )
16  and DOES 1 through 10,    )
    )
17       Defendants.    )
    )
18

19        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the

20  parties' Stipulated Protective Order ("Stipulation") filed on March 9, 2015, the terms of

21  the protective order to which the parties have agreed are adopted as a protective order of

22  this Court (which generally shall govern the pretrial phase of this action) except to the

23  extent, as set forth below, that those terms have been substantively modified by the

24  Court's amendment of paragraphs 1, 2(c), 3(a), 3(b), 4, 5, 5.2(h), 5.4, 5.5 (DELETED),

25  6.2, and 8 of the Stipulation.

26        The parties are expressly cautioned that the designation of any information,

27  document, or thing as Confidential or other designation(s) used by the parties, does not,

28  in and of itself, create any entitlement to file such information, document, or thing, in

whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as Confidential or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced

into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Further, notwithstanding any other provision of this Protective Order, no obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE ANDRE BIROTTE JR., UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1.     This Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in paragraph 5.4 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5.1 sets forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

2.     **Definitions**.  In this Protective Order, the words set forth below have the following meanings:

---

[1]     The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

a.   "Confidential Material" means any Document, Testimony, or Information, as defined below:  (i) that is produced for or disclosed to a party; (ii) that the Designating Party reasonably and in good faith believes to be entitled to confidential treatment under applicable law; and (iii) that has been designated as "Confidential Material" by the Designating Party in compliance with this Protective Order.  Nothing in this Protective Order shall be construed in any way to control the use, dissemination, publication, or disposition by a party of any Document, Testimony, or Information that legitimately, without breach of confidentiality, is a public record or in the public domain, received at any time by that party outside of the course of the discovery process in this litigation.

b.   "Designating Party" means the party that designates Confidential Material as "Confidential."

c.   "Document" and "Documents" means and includes any documents or electronically-stored information **covered by** Federal Rule of Civil Procedure 34(a), including without limitation all writings as defined in Federal Rule of Evidence 1001(a), all originals as defined in Federal Rule of Evidence 1001(d), and all duplicates as defined by Federal Rule of Evidence 1001(e), and (ii) any copies, reproductions, or summaries of all or any party of the foregoing.

d.   "Information" means the content of Documents, Testimony, or written discovery responses.

e.   "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

3.   **Designation of Confidential Information**.  All or part of any Documents or Information may be designated as "Confidential Material," but must be clearly so designated before it is disclosed or produced.  Each party or non-party that designates Documents or Information for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards, so that other portions for which protection is not warranted are not swept

unjustifiably within the ambit of this Order.   Mass, indiscriminate, or routine designations are prohibited.   The "Confidential" designation should not obscure or interfere with the legibility of the Document, Testimony, or Information.

      a.    **For Written Documents**.   The Designating Party must print or stamp the word "CONFIDENTIAL" on each page of the designated material.

      b.    **For Deposition Testimony.**   The party or non-party offering or sponsoring the deposition testimony shall designate all Confidential Information on the record or by notifying the parties in writing no later than thirty (30) days after the transcript is received.

    4.    **Inadvertent Failure to Designate**.   If a party inadvertently produces any Document, Testimony, or Information during discovery that it considers to be "Confidential Material," in whole or in part, without a Confidential designation, it may correct the situation as follows:

      a.    Within twenty (20) days of the discovery of the inadvertent production without a Confidential designation, and no later than forty-five (45) days prior to trial, the producing party must give written notice to all parties who received the Document, **Deposition** Testimony, or Information that the producing party claims it, in whole or in part, is "Confidential Material," together with a further copy of the subject Document, **Deposition** Testimony, or Information marked "Confidential" as intended by the Designating Party (the "Inadvertent Production Notice").

      b.    Upon timely receipt of such Inadvertent Production Notice, the party that received the Document, **Deposition** Testimony, or Information inadvertently produced without a Confidential designation shall promptly destroy the subject Document, **Deposition** Testimony, or Information and all copies thereof, or, at the expense of the Designating Party, return them together with all copies, and shall retain only the version marked "Confidential" as intended by the Designating Party.   Upon timely receipt of an Inadvertent Production Notice, the receiving

party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

c.   If timely corrected, an inadvertent failure to designate qualified Documents, **Deposition** Testimony, or Information as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.

5.   **Access to and Use of Confidential Material**.  The parties agree that no Document or portion of any Document, **Deposition** Testimony, or Information designated as Confidential shall be disclosed or disseminated to anyone, except as expressly permitted in this Order.

5.1.   Confidential Material shall be used by the receiving party solely for the purpose of its prosecution or defense of claims in this action.  Confidential Material shall not be used for any business, competitive, personal, private, public, or other purpose, except as required by law.  Confidential Material shall not be used in any other litigation or shared with potential or current litigants, their counsel, experts, consultants, agents, or representatives in any other litigation.  Confidential Material shall not be shared with the media, posted or otherwise disseminated online, or placed in third-party databases (aside from third-party vendors hired specifically to store such materials for the purpose of this litigation).

5.2.   Access to Confidential Material is limited to:

a.   a party's or a designating party's directors, officers, employees, former employees, representatives, and agents in connection with the prosecution, defense, or supervision of this action or in connection with the production of documents or the giving of testimony in this lawsuit;

b.   counsel of record for the respective parties in this action and counsel for any non-party required to produce documents or give testimony in this lawsuit and secretarial, clerical, litigation support, and paralegal personnel regularly

employed by such counsel to whom such counsel deems necessary that the Confidential Information be shown for purposes of this litigation;

c.      other counsel for the respective parties in this action and their employees, agents, and representatives who are assisting in the prosecution or defense of this action;

d.      fact witnesses, including former party employees, who agree to be bound by the requirements of this Order and whose role as a witness is such that they have a genuine need to know the content of the Confidential Material, provided that the witness is not permitted to retain copies of the Confidential Material;

e.      consulting or testifying experts and their employees consulted or retained by any party to this action for the purpose of assisting in the prosecution or defense of claims in this action, provided that access to Confidential Material by experts and consultants shall be limited to documents that the experts or consultants reasonably need to review in their roles as experts or consultants;

f.      any party to this Protective Order's insurer and its adjusters, employees, and auditors;

g.      commercial photocopying firms and/or data processors;

h.      the Court, **its employees,** court reporters, court officials, and a jury, if any, involved in the prosecution or defense of claims in this action; and

i.      any other person that the Designating Party agrees to in writing.

5.3.      Before any Confidential Material may be disclosed to a person described in subsections (d), (e), and/or (i) above, each such person shall be provided with a copy of this Protective Order and must sign the attached Non-Disclosure Agreement (Exhibit A). In the event that any of the parties designate an individual as a testifying expert, a copy of their Non-Disclosure Agreement shall be provided to counsel for all parties at the time of the designation.

5.4.     Confidential Material is not to be filed with the Court, except when required in connection with motions or other proceedings before the Court related to this action. If any party wishes to file Confidential Material with the Court, such documents, information, items, or materials, or the confidential portions thereof, must be **submitted to the Court with an application to** seal **in accordance with** Local Rule 79-5, and any other applicable rules governing requests to file documents under seal.  Pending the ruling of the application to file under seal, the papers or portions thereof subject to the sealing application shall be lodged under seal.

5.5.     **[DELETED]**

6.     **Right to Challenge Designation, Assert Other Objections, and Seek Amendment of this Order**.  Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not operate as an admission by any party that any particular Document, **Deposition** Testimony, or Information marked "Confidential" contains or reflects information entitled to confidential treatment under applicable law.  Any party may seek a determination by the Court as to whether any Document, **Deposition** Testimony, or Information marked "Confidential" should be subject to protection under the terms of this Protective Order, as follows:

a.     Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b.     The parties will abide by Local Rule 37 in seeking such a determination.  Specifically, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange for this conference.  If counsel are unable to settle their differences, they shall formulate a joint written stipulation.  Following the

conference of counsel, counsel for the moving party shall provide counsel for the opposing party with the moving party's portion of the stipulation.  Counsel for the opposing party shall deliver or e-mail to counsel for the moving party the opposing party's portion of the stipulation within five (5) court days of receipt of the moving party's draft.  After the Joint Stipulation is filed, each party may file a supplemental memorandum of law no later than fourteen (14) days prior to the hearing date.

      c.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless and until the Court rules on the challenge, all parties shall continue to treat the material in question as "Confidential Material."

6.1    This Protective Order does not preclude any party from moving to have any other information or material designated as confidential in accordance with the rules of this Court.  Any such additional information or material designated as confidential shall be treated as "Confidential Material" pursuant to the terms of this Order.

6.2    This Protective Order has no effect on the right of any party to knowingly waive the applicability of this Protective Order to any Confidential Material designated by that party.

6.3    By stipulating to the entry of this Protective Order no party waived any right it otherwise would have to object to disclosing or producing any Document, Testimony, or Information on any ground not addressed in this Protective Order.  Similarly, no party waives any right to object to the admissibility of any of the material covered by this Protective Order.

6.4    This Protective Order may be amended by the Court to prevent manifest injustice.  Additional protective orders also may be entered whenever deemed appropriate by the Court.

7.    **Inadvertent Production of Privileged Matter**.  If a producing party inadvertently produces information or documents that it considers privileged, in whole or in part, it may retrieve such information or documents or parts thereof as follows:

a.    Within twenty (20) days of the discovery of the inadvertent production, and no later than forty-five (45) days prior to trial, the producing party must give written notice to all parties who received copies of the produced document that the producing party claims said document, in whole or in part, to be privileged and must state the nature of the privilege; in the event that only part(s) of document(s) are claimed to be privileged, the producing party shall furnish redacted copies of such privileged documents, removing only the part(s) thereof claimed to be privileged, to all parties together with the notice (the "Inadvertent Production of Privileged Materials Notice").

b.    Upon receipt of such Inadvertent Production of Privileged Materials Notice, all parties who have received copies of the inadvertently produced document(s) shall promptly return them to the producing party and destroy any other copies thereof, except to the extent reasonably necessary to promptly present the information to the court under seal for a determination of the claim pursuant to Fed. R. Civ. P. 26(b)(5)(B).

c.    After service of such notice, no motion to compel the production of the inadvertently produced privileged document may rely on an allegation that any privilege as to the document was waived solely by virtue of its inadvertent production.

8.    If a court, regulatory authority, or administrative agency upon formal demand or subpoena orders the production of Confidential Material, the subpoenaed or court-ordered party shall promptly notify counsel for the designating party of the subpoena or order within five (5) days of being served with the subpoena or order.  No production of Confidential Material shall occur until the time allowed for objections to the subpoena has elapsed.  **Nothing in this Protective Order should be construed as authorizing either party to disobey a lawful directive from another court.**

9.    The provisions of this Protective Order shall apply to this lawsuit, including discovery, and shall not terminate at the conclusion of the lawsuit.  Within sixty (60)

days after the final resolution of the lawsuit, including any appeal thereof, or by settlement, the parties shall return all Confidential Material and all copies thereof (other than exhibits of record **and Confidential Material contained in Court filings**), including electronic copies, to the Designating Party's counsel, or at the Designating Party's option, destroy all Confidential Material.  Notes, summaries, memos, computer data bases, and other compilations of Confidential Material shall be destroyed, except that counsel of record for any party is entitled to retain a set of all pleadings and exhibits filed with a court and all correspondence and written discovery generated in the lawsuit (excluding Confidential Material produced by any party pursuant to this Order unless such documents were exhibits filed with the Court) and any documents where copies must be kept by law or regulation.  All parties and their counsel shall provide written certification of compliance with this paragraph and shall deliver the same to the Designating Party's counsel not more than sixty (60) days after final resolution of the lawsuit.

IT IS SO ORDERED.

DATED: April 3, 2015

Margaret A. Nagle

Margaret A. Nagle

United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *DIRECTV v. Factory Mutual Insurance Company*, Case No. 2:14-cv-08673-AB-MAN.  I agree to comply with and be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to punishment. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

Client Represented: _____