FILED

JUN 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIRECTV, a Delaware corporation, | No. 16-55313 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-08673-DDP-MAN |
| v. | |
| FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted June 8, 2017
Pasadena, California

Before: GRABER and MURGUIA, Circuit Judges, and BOLTON,[**] District Judge.

Defendant Factory Mutual Insurance Company promised to insure Plaintiff DIRECTV against business interruptions stemming from certain events at "contingent time element locations." The insurance policy's definition of such

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

locations included any location "of a direct supplier, contract manufacturer or contract service provider to [DIRECTV]."  The question in this case is whether Western Digital, which manufactures hard drives that are used in DIRECTV's set-top boxes—but which does not have a contractual relationship with DIRECTV and does not send its hard drives directly to DIRECTV to be integrated into the set-top boxes—fits within the policy's definition of a "direct supplier, contract manufacturer or contract service provider to [DIRECTV]."  If so, then the policy might cover Plaintiff's losses caused by monsoonal flooding in northern Thailand that damaged two of Western Digital's hard drive manufacturing facilities in 2011.

The district court granted summary judgment to Defendant; Plaintiff timely appeals.  Reviewing de novo, Orr v. Bank of Am., NT & SA, 285 F.3d 764, 772 (9th Cir. 2002), we reverse the district court's judgment and remand for further proceedings.

1.  The plain and ordinary meaning of the phrase "direct supplier" does not include Western Digital.  The "meaning a layperson would ordinarily attach" to the phrase "direct supplier," Waller v. Truck Ins. Exch., Inc., 900 P.2d 619, 627 (Cal. 1995), is a supplier that sends its goods or materials straight to the insured without intervening processing.  Because Western Digital's hard drives are sent to third-party set-top box manufacturers, which then assemble the set-top boxes and send

2

them on to Plaintiff, Western Digital is not Plaintiff's "direct supplier" under the plain and ordinary meaning of that phrase.

    2. Western Digital is not Plaintiff's "contract manufacturer" or "contract service provider" because it does not have a contract with Plaintiff.

    3. In light of the extrinsic evidence of trade usage introduced by Plaintiff, the phrase "direct supplier" is "reasonably susceptible" to the meaning urged by Plaintiff. Wolf v. Superior Court, 8 Cal. Rptr. 3d 649, 655 (Ct. App. 2004). In reaching that conclusion, we rely on a prediction that the Supreme Court of California would hold that "[t]he law charges insurance companies with the duty of informing themselves as to the usages of the particular business insured, and a knowledge of such usage on the part of such company will be presumed." Globe & Rutgers Fire Ins. Co. v. Ind. Reduction Co., 113 N.E. 425, 429 (Ind. App. 1916). We base that prediction on the law of other jurisdictions, a leading insurance law treatise, see 2 Couch on Insurance § 22:52 (3d ed. 2015), and the California Court of Appeal's decision in Geddes v. Tri-State Insurance Co., 70 Cal. Rptr. 183 (Ct. App. 1968). See Astaire v. Best Film & Video Corp., 116 F.3d 1297, 1300 (9th Cir. 1997) ("In the absence of a California Supreme Court decision, we must predict how the California Supreme Court would decide [an] issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes,

treatises and restatements as guidance."). Whether the phrase "direct supplier" was intended in a trade usage sense and, if so, whether Western Digital falls within the trade usage definition are questions of fact to be resolved by a jury. City of Hope Nat'l Med. Ctr. v. Genentech, Inc., 181 P.3d 142, 156–57 (Cal. 2008).

    4. We do not reach Plaintiff's argument concerning the ambiguity of the phrase "direct supplier." "A rule for construing contracts against the author is not an alternative to construing the contract as the parties intended. It is to be applied <u>after</u> the court has inquired into the intent of the parties, and then only if its meaning remains uncertain." Bd. of Trade of S.F. v. Swiss Credit Bank, 597 F.2d 146, 149 (9th Cir. 1979) (emphasis added).

    **REVERSED and REMANDED.**